IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| TONIA HARDYWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 3:22-cv-00037 |
| | ) | JUDGE RICHARDSON |
| DENIS MCDONOUGH, *Secretary* | ) | MAGISTRATE JUDGE NEWBERN |
| *of the Department of Veterans Affairs*, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORADUM IN SUPPORT OF HIS PARTIAL
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Plaintiff Tonia Hardyway ("Plaintiff") filed this action on January 19, 2022, alleging employment discrimination at the Department of Veterans Affairs ("VA"). *See generally* ECF No. 1. Defendant, Denis McDonough, Secretary of the Department of Veterans Affairs ("Defendant") now moves pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Count I of Plaintiff's Complaint, disparate treatment, and portions of Counts II and III, retaliation and hostile work environment, respectively, for failure to state a claim upon which relief can be granted. Defendant submits this memorandum of law in support, stating as follows:

**BACKGROUND**[1]

Plaintiff is a Black female, employed by the VA's Tennessee Valley Healthcare System ("TVHS"). ECF No. 1, ¶ 1. Plaintiff began working as the Assistant Chief of Social Work Service ("SWS") on January 27, 2013. *Id.*, ¶ 23, 26. Plaintiff's then-supervisor was SWS Chief Violet Cox-Wingo, also a black female. *Id.*, ¶¶ 27-28.

---

[1] The background facts are taken largely from Plaintiff's Complaint, which Defendant assumes to be true only for the purpose of this motion.

In June 2015, Plaintiff learned that two social workers, Steve Pharris and George Sudberry, both of whom are White males, were documenting social work visits of Veterans who had already passed away. *Id*., ¶¶ 33, 34. Plaintiff alleges that she reported the misconduct to Chief Cox-Wingo. *Id*. Pharris and Sudberry were managed by Larry Murray, who is also a White male. *Id*., ¶¶ 35-36.

In September 2015, TVHS initiated an Administrative Investigative Board ("AIB"). The AIB was convened to inquire into the facts and circumstances of the alleged misconduct. *Id*., ¶¶ 38-39. On April 25, 2016, the AIB issued a Report of Investigation finding serious problems in the SWS including lack of oversight by the leadership—presumably, the Chief and Assistant Chief. *Id*., ¶¶ 40-41.

On July 22, 2016, TVHS announced a new Acting SWS Chief, and detailed Plaintiff to a different department—the Credentialing Service. *Id*., ¶¶ 44-45. On September 6, 2016, TVHS removed Plaintiff from all SWS email groups. *Id*., ¶ 55. On October 10, 2016, TVHS detailed another employee into Plaintiff's former position as Assistant Chief (*id*., ¶ 57), and on October 24, 2016, Plaintiff was asked to remove "Assistant Chief, SWS" from her email signature block. *Id*., ¶ 63.

Plaintiff contacted the EEO counselor on October 28, 2016. *Id*., ¶ 9.

On December 6, 2016, the TVHS Chief of Staff asked Plaintiff to remove her designation as Assistant Chief, SWS on the VA Pulse pages which is a VA-only Facebook-type resource for VA employees. *Id*., ¶ 69.

Plaintiff filed her formal EEO complaint on January 24, 2017. *Id*., ¶ 10.

Plaintiff alleges that on February 13, 2017, Larry Murray was "welcomed back" to the SWS, in a "position of leadership and prestige." *Id*., ¶ 73.

On March 8, 2017, VA issued a Notice of Partial Acceptance of Plaintiff's EEO complaint. *Id*., ¶ 11; Ex. 1, Letter of Partial Acceptance.

On April 11, 2017, the TVHS Chief of Staff proposed removal of Plaintiff from her position as SWS Assistant Chief based on her failure to provide adequate program oversight. *Id*., ¶ 81. But instead of removing Plaintiff, on July 18, 2017, the TVHS Director mitigated Plaintiff's proposed removal to a demotion into a Social Worker position. *Id*., ¶ 87. Plaintiff alleges the only employees disciplined as a result of the AIB were Plaintiff and Chief Cox-Wingo, the black females, while the White males involved were not disciplined. *Id*., ¶¶ 73, 88-89.

Plaintiff appealed her demotion to the Merit System Protection Board ("MSPB"). *Id*., ¶ 90. The case proceeded to hearing on January 17-19, 2018. *See* Declaration of Kathleen Pohlid, (Pohlid Decl.), filed contemporaneously herewith, Ex. C, MSPB Initial Decision, p. 1. On September 30, 2018, the MSPB Administrative Judge ("AJ") issued a written decision reversing Plaintiff's demotion and finding that VA did not present sufficient evidence to show Plaintiff had SWS program responsibility and oversight when the alleged misconduct occurred. *Id*., Ex. C, MSPB Initial Decision, pp. 4-9, 11; *see also* ECF No. 1, ¶ 105. Plaintiff, however, also alleged that her demotion was retaliation for filing her EEO complaint. *See* Pohlid Decl., ¶ 6. Rejecting that argument, the AJ noted that VA's decision to demote Plaintiff was the result of an AIB that found serious problems in the SWS—not because she filed an EEO complaint. Pohlid Decl., Ex. C, MSPB Initial Decision, pp. 9-10. Plaintiff did not file a Petition for Review or otherwise appeal the decision on her retaliation claim. Pohlid Decl., ¶ 12. The VA filed a Petition for Review challenging the demotion decision, and that appeal is currently pending. Pohlid Decl., ¶ 13; ECF No. 1, ¶ 106.

Plaintiff's EEO case proceeded to hearing before an Equal Employment Opportunity

Commission ("EEOC") AJ on August 31, 2021. *See* Ex. 2, Excerpts of EEO Hearing Transcript, p. 1; ECF No. 1, ¶ 19. The claims adjudicated were a hostile work environment based upon a series of events between July 2016 and March 2017, and two non-selections in 2018 that allegedly occurred in retaliation for Plaintiff filing a EEO complaint. Ex. B, Excerpts of EEO Hearing Transcript, pp. 16-19 (statement of issues); *see also* ECF No. 1, ¶¶ 94, 99-104. The AJ found in favor of the VA on all claims. ECF No. 1, ¶ 20.

In this lawsuit, Plaintiff alleges discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"). *Id*., ¶ 4. Plaintiff specifically asserts the following: Count I, disparate treatment (*id*. at ¶¶ 115-119); Count II, retaliation (*id*. at ¶¶ 120-123); and Count III, hostile work environment (*id*. at ¶¶ 124-127). Defendant now moves for dismissal of Count I in its entirety, as well as portions of Counts II and III.

## APPLICABLE LAW AND ARGUMENT

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). In *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court held that, although a complaint need not plead "detailed factual allegations," "those allegations" must be enough to raise a right to relief above the speculative level. *Id.* at 555. "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (citing *Twombly*).

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court further expounded on the

"two working principles" that underlie the *Twombly* decision. *Ashcroft*, 556 U.S. at 678. First, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under the federal rules. *Id.* Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. To establish the "facial plausibility" required to "unlock the doors of discovery," a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

Failure to exhaust administrative remedies is grounds for dismissal under Rule 12(b)(6). *Jones v. Johnson*, 707 F. App'x. 321, 329-30 (6th Cir. 2017); *Hoover v. Timken Co.*, 30 F. App'x 511, 513 (6th Cir. 2002). The U.S. Supreme Court has specifically held that dismissals for failure to exhaust in Title VII actions should be analyzed as a failure to state a claim, because exhaustion is a condition precedent rather than a jurisdictional prerequisite. *Fort Bend Cnty. v. Davis*, --- U.S. ---, 139 S.Ct. 1843, 1850-52 (2019). *See also Truitt v. Cnty. of Wayne*, 148 F.3d 644, 646-47 (6th Cir. 1998). Thus, exhaustion of administrative requirements is a precondition to filing a suit pursuant to Title VII. *Brown v. GSA*, 425 U.S. 820, 832 (1976); *McFarland v. Henderson*, 307 F.3d 402, 406 (6th Cir. 2002); *Benford v. Frank*, 943 F.2d 609, 612 (6th Cir. 1991).

A.       **<u>Disparate Treatment Has Not Been Administratively Exhausted</u>**

A Title VII employment discrimination claim by a federal employee must be administratively exhausted before being brought to federal court. *Brown*, 425 U.S. at 823-33; *Benford*, 943 F.2d at 612 (stating "[t]he right to bring an action under Title VII regarding equal employment in the federal government is predicated upon the timely exhaustion of administrative remedies…"). The procedures federal employees must follow in bringing employment discrimination claims are set forth in federal regulations. *See* 29 C.F.R. §§ 1614.105 through 110.

Under 29 C.F.R. § 1614.105(a), a federal employee who believes she has been discriminated against must consult an EEO counselor to try to informally resolve the matter. The employee "must initiate contact with a counselor within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." *Id.* at § 1614.105(a)(1). If the employee makes timely contact with an EEO counselor and the matter is not resolved, the employee may file a formal discrimination complaint. 29 C.F.R. § 1614.105(d). The agency then has a duty to investigate the complaint, to provide a hearing on the complaint if requested, or a final agency decision. 29 C.F.R. §§ 1614.105 through 1614.110. Once the agency has taken final action on the complaint, the employee may appeal the decision to the EEOC. 29 C.F.R. § 1614.110. Alternatively, the employee may elect to file a civil action in federal district court within 90 days of receiving the final agency action. 42 U.S.C. § 2000e-16(c).

Here, Plaintiff contacted the EEO counselor on October 28, 2016 (ECF No. 1, ¶ 9) and filed her formal EEO complaint on January 24, 2017. *Id.*, ¶ 11. On March 8, 2017, VA issued a Notice of Partial Acceptance of Plaintiff's EEO complaint. *Id.*, ¶ 11; Ex. 1, Letter of Partial Acceptance. After an investigation by VA, the case proceeded to hearing before an EEOC AJ. *See* ECF No. 1, ¶ 19. The claims adjudicated were a hostile work environment based upon a series of events between July 2016 and March 2017, and two non-selections in 2018 that allegedly occurred in retaliation for Plaintiff filing a EEO complaint. *See* Ex. B, Excerpts of EEO Hearing Transcript, pp. 16-19 (statement of the issues); *see also* ECF No. 1, ¶¶ 94, 99-104. The AJ ruled in favor of the VA on all claims. ECF No. 1, ¶ 20.

Now, in district court, Plaintiff repeatedly alludes to disparate treatment throughout her Complaint by comparing her own treatment to that of White males. *Id.*, ¶¶ 64, 73, 88-89. But no disparate treatment claim proceeded through the administrative process. To be sure, VA never

accepted any disparate treatment claim (*see* Ex. 1, Letter of Partial Acceptance), and the EEOC AJ never considered a disparate treatment claim at the EEO hearing. *See* Ex. B, Excerpts from EEO Hearing Transcript, pp. 16-19 (statement of the issues). Accordingly, disparate treatment was not administratively exhausted, and Count I of Plaintiff's Complaint is subject to Rule 12(b)(6) dismissal for failure to exhaust administrative remedies.

### B. Plaintiff Cannot Assert Retaliation Claims That She Has Not Exhausted.

Count II of Plaintiff's Complaint alleges retaliation, but Plaintiff does not specify the basis for this claim; instead, she incorporates by reference *all* facts supporting the entire complaint. *See* ECF No. 1, ¶ 120. The only exhausted claims of retaliation are the two non-selections brought before the EEOC AJ. Those are: (1) a March 4, 2018 non-selection to a 90-day detail as Acting Women's Veteran Program Coordinator; and (2) an August 13, 2018 non-selection to the Supervisory Women Veterans Program Manager position—both of which allegedly occurred in retaliation for Plaintiff filing her EEO complaint. *See* Ex. 2, Excerpts from EEO Hearing Transcript, p. 19; *see also* ECF No. 1, ¶¶ 92-94; 99-104.

Regarding Plaintiff's claim that Defendant engaged in a "per se act of retaliation" in June 2021 (ECF No. 1, ¶ 17), Plaintiff admits that the VA is still "processing" this claim (*id.*, ¶ 18), and thus, it has not been administratively exhausted. This claim should be dismissed from Plaintiff's Complaint, as should any other pending EEO matter. *See id.*, ¶¶ 15-18.

Moreover, to the extent Plaintiff is alleging that her demotion was in retaliation for filing her EEO complaint (*see id.*, ¶ 87), Plaintiff chose to have that claim heard by the MSPB. *See* Pohlid Decl. ¶ 6. The MSPB AJ examined and decided the retaliation claim in favor of VA. *See* Pohlid Decl., Ex. C, MSPB Initial Decision, pp. 9-10. If Plaintiff was dissatisfied with the AJ's decision, she had the option to appeal by filing a Petition for Review ("PFR"). *See* Pohlid Decl. ¶ 8. Plaintiff did not file a PRF. *Id.*, ¶ 12. The VA did file a PFR challenging the AJ's demotion

decision—but not the AJ's decision on Plaintiff's retaliation claim. *Id*., ¶¶ 9-10. The MSPB case is still pending. *Id*., ¶ 13; ECF No. 1, ¶¶ 105-106. To that end, the retaliation claim should not be considered by this Court because Plaintiff did not appeal the AJ's decision and, even if she had, the case remains unresolved.[2]

In sum, the only viable claims of retaliation are the two 2018 non-selections. To the extent any other claim of retaliation is alleged by Plaintiff, it must be dismissed for failure to exhaust administrative remedies under Rule 12(b)(6). Whether Plaintiff's demotion was retaliatory is barred because Plaintiff never exercised appeal rights as to that claim, and further, the MSPB case has not reached finality.

### C. Plaintiff Has Exhausted a Hostile Work Environment Claim from July 22, 2016 to March 8, 2017, but Incidents Outside this Time Period are Barred.

Count III of Plaintiff's Complaint alleges hostile work environment, but again, Plaintiff does not specify the basis for this claim; instead, she incorporates by reference *all* facts supporting the entire complaint. ECF No. 1, ¶ 124. The exhausted incidents raised in support of Plaintiff's hostile work environment claim occurred between July 22, 2016 and March 8, 2017. Ex. B, Excerpts from EEO Hearing Transcript, pp. 16-19 (statement of issues).[3] To the extent Plaintiff is relying on incidents outside this time period to establish her hostile work environment claim, or incidents not raised in her EEO complaint and/or amendments, those incidents have not been administratively exhausted and should be dismissed from this suit pursuant to Rule 12(b)(6).

---

[2] Also of note, the district court may not even have jurisdiction over this claim. *See* Pohlid Decl., Ex. C, MSPB Initial Decision, pp. 17-20 (discussing paths for appeal).

[3] Plaintiff dropped several incidents prior to the commencement of the EEO hearing. *See* Ex. 3, Notice Regarding Withdrawn EEO Claims. Those claims have been abandoned and should not be considered by this Court.

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that this Partial Motion to Dismiss Plaintiff's Complaint be granted. Count I of Plaintiff's Complaint, as well as portions of Counts II and III, should be dismissed pursuant to Rule 12(b)(6) for failure to exhaust administrative remedies. Defendant respectfully requests thirty days after the Court rules on this motion to file its Answer to any claims remaining in Plaintiff's Complaint.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: s/ Anica C. Jones
ANICA C. JONES, B.P.R. # 025325
Assistant United States Attorney
110 9th Avenue South, Suite A961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: anica.jones@usdoj.gov
*Attorney for Defendant*

OF COUNSEL:

Dana Heck, Esq.
Office of General Counsel
U.S. Department of Veterans Affairs
140 Fountain Parkway, Suite 520
St. Petersburg, Florida 33716

# CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by United States mail, postage prepaid, to the following:

| Anne Hunter<br>Collins & Hunter PLLC<br>7000 Executive Center Drive<br>Building Two Suite 320<br>Brentwood, TN 37027 | Jeffrey H. Jacobson<br>Jacobson Law Firm<br>570 N. Columbus Blvd., Suite B<br>Tucson, AZ 85711 |
|---|---|

                                                s/ Anica C. Jones
                                                ANICA C. JONES
                                                Assistant United States Attorney