IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TONIA HARDYWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 3:22-cv-00037 |
| ) | JUDGE RICHARDSON |
| DENIS MCDONOUGH, *Secretary* ) | MAGISTRATE JUDGE NEWBERN |
| *of the Department of Veterans Affairs*, ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S REPLY IN SUPPORT OF HIS
PARTIAL MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant Denis McDonough, Secretary of the Department of Veterans Affairs, by and through the undersigned counsel, files this Reply to Plaintiff's Response Memorandum (hereinafter "Response") submitted in Opposition to Defendant's Partial Motion to Dismiss Plaintiff's Complaint (*see* ECF No. 39), stating as follow:

**A. Plaintiff's Unexhausted Disparate Treatment Claim Should be Dismissed Because it Does Not Reasonably Grow Out of Her EEO Complaint**

To begin, Plaintiff does not argue in her Response that she ever exhausted a disparate treatment claim. She did not, and that fact is undisputed. Nevertheless, Plaintiff argues that a disparate treatment claim should be considered because "…[T]his Court is empowered to construe Plaintiff's Complaint liberally to include the scope of Plaintiff's EEO administrative allegations which can reasonably be expected to grow out of her charges." ECF No. 39, PageID #: 355. Plaintiff's attempt to expand her claims in district court beyond those that were alleged and adjudicated at the administrative level should be rejected.

The claim raised in Plaintiff's administrative EEO Complaint is hostile work environment. A disparate treatment claim does not reasonably grow out of an alleged hostile work environment

claim because these are completely different causes of action, requiring separate *prima facie* elements of proof. Plaintiff offers no persuasive authority showing that a disparate treatment claim is expected to grow out of a hostile work environment claim. And in fact, two cases cited by Plaintiff[1] demonstrate that unrelated, unpled claims should not be considered.

In *Lattimore v. Polaroid Corp.*, 99 F.3d 456 (1st Cir. 1996), the plaintiff's "administrative charge plainly and specifically describe[d] his claim to be that he was discriminated against because, unlike white workers who had been injured and applied for workers' compensation benefits, he was directed to return to work and was fired when he refused." *Id.* at 464. The court found that the plaintiff's harassment claims were *not* reasonably within the scope of an agency investigation of the plaintiff's administrative charge. *Id.*

In *Bray v. Palm Beach County*, 907 F.2d 150, 1990 WL 92672 (6th Cir. 1990), the plaintiff filed an EEOC charge for retaliation but did not check the box "sex" discrimination, although she did state in the body of the charge that two males had been chosen for the position she sought. *Id.* at *1. After the investigation and conciliation efforts failed, the plaintiff filed a complaint for sex discrimination in district court, but the district court dismissed the claim finding that it was not based on a charge that had been filed with and investigated by the EEOC. *Id*. The Sixth Circuit affirmed. *Id*. at *2.

At a minimum *Lattimore* and *Bray* show that a plaintiff cannot attach a new, unexhausted claim to a pending case and simply say it is reasonably expected to grow out of the EEO charge.

Here, Plaintiff does attempt to link the disparate treatment claim to her EEO complaint by reasoning that "the ROI [Report of Investigation], clearly proves the Plaintiff raised numerous allegations of disparate treatment discrimination based on race during the EEO administrative

---

[1] *See Lattimore*, ECF No. 39, PageID #: 361 and *Bray*, PageID #: 354-55.

process." ECF No. 39, PageID #: 355. Plaintiff then cherry-picks particular statements in the ROI to support this proposition (*id*. at PageID #: 354-361), and now asks this Court to make an inference in her favor. The Court should not do so. The Agency's Partial Notice of Acceptance clearly lays out the claims it will investigate. *See* ECF No. 28-1. Considering that Plaintiff amended this EEO complaint ***four*** times (*see* ECF No. 1, ¶ 15), and has since filed many other EEO complaints, she is well-versed in the EEO process and never once alleged disparate treatment. Asking the Court to now "liberally construe" her complaint is simply asking too much. The disparate treatment claim should be dismissed pursuant to Rule 12(b)(6) for failure to exhaust.

### B. Plaintiff Has Exhausted Only Two Claims of Retaliation

Defendant acknowledges that Plaintiff has exhausted two 2018 non-selections that allegedly occurred in retaliation for engaging in protected activity. There are no other exhausted claims of retaliation at issue in this case.

Plaintiff points to the Agency's Notice of Partial Acceptance and argues that she added retaliation claims (ECF No. 39, PageID #: 361-365), but Plaintiff actually added reprisal *as a basis* for the hostile work environment claim. During the informal EEO counseling period Plaintiff raised a claim of hostile work environment based on age (over 40), race (black), sex (Female) and religion (Christian). *See* ECF No. 28-1, ¶ 2. Later she added reprisal as an additional basis. *Id*., ¶ 10.

All of the enumerated allegations comprising the hostile work environment did not convert to individual retaliation claims as Plaintiff suggests. *See* ECF No. 39, PageID #: 365 ("Given the fact that the Agency itself considered all of these enumerated allegations as reprisal claims in the administrative investigative phase, and the EEOC adjudicated the above-referenced allegations as reprisal claims, the dye has been cast."). In other words, even after adding reprisal as a basis, Plaintiff still has only one cause of action: hostile work environment. But even if this Court accepts

Plaintiff's position that new retaliation claims exist, the claims will fail, nonetheless. The bulk of the enumerated allegations occurred in 2016, *before* Plaintiff filed her EEO complaint.[2] Defendant could not retaliate against Plaintiff where she had not yet engaged in protected activity.

Furthermore, Plaintiff completely ignores that her demotion claim is still pending before the MSPB, which means it too is essentially unexhausted. She cites no authority saying that she can simultaneously litigate the same exact claim in district court that is on appeal in another forum. Plaintiff contends that she "can proceed with the claim that her demotion was motivated, in part or in whole, by reprisal under Title VII in federal court as a 'mixed case' appeal." *See* ECF No. 39, PageID #: 366. Whether mixed case appeals can be heard by this Court completely misses the point. Plaintiff's unresolved MSPB case is not ripe for review because it has not reached finality.

In sum, all unexhausted, unresolved retaliation claims should be dismissed from this suit pursuant to Rule 12(b)(6).

### C. Plaintiff's Alleged Hostile Work Environment is Limited in Time and in Scope

Plaintiff concedes that the alleged hostile work environment began on July 22, 2016. *See* ECF No. 39, PageID #: 367. She contests the end date of March 8, 2017 (*id.*), even though at Plaintiff's EEO hearing she litigated an alleged hostile work environment up to that specific date.[3] Plaintiff seems to argue that a hostile work environment claim can continue indefinitely; she certainly makes no attempt in the Complaint or her Response to specify otherwise. In fact, the Complaint discusses an incident in April 2021, which is four years later. *See* ECF No. 1, ¶¶ 109-114. Plaintiff also forecasts her intent to request leave of the Court to include more incidents that occurred in February 2021. *See* ECF No. 39, PageID #: 366.

---

[2] Plaintiff contacted the EEO counselor on October 28, 2016 and filed her formal EEO Complaint on January 24, 2017. ECF No. 1, ¶¶ 9-10.
[3] The end date was pinpointed by the EEOC Administrative Judge. ECF No. 28-2, pp. 19-20.

In support of Plaintiff's position that the hostile work environment should not end on March 8, 2017, she argues that "Defendant's Partial Motion to Dismiss concedes that Plaintiff has *also* administratively exhausted two 2018 non-selection allegations." ECF No. 39, PageID #: 367. Indeed, Defendant acknowledges that two 2018 non-selections have been exhausted but, importantly, these discrete claims are not analyzed as part of the hostile work environment.

The U.S. Supreme Court has distinguished between discrete acts of discrimination and non-discrete acts. "Discrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable 'unlawful employment practice.'" *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002). In contrast, a hostile work environment claim is an amalgamation of incidents that "collectively constitute one unlawful employment practice." *Id*. at 117. Unlike discrete acts, the incidents that comprise a hostile work environment claim "cannot be said to occur on any particular day" and by their "very nature, involve repeated conduct." *Id*. at 115.

In accordance with the *Morgan* rationale, Plaintiff's two 2018 non-selections (*i.e.*, failure to promote claims) are analyzed separately from her claim of hostile work environment because they are discrete acts, and each constitutes a separate actionable unlawful employment practice.[4] The hostile work environment claim, on the other hand, includes various *non*-discrete events that make up "one unlawful employment practice" spanning from July 22, 2016 to March 8, 2017. The discrete events do not extend the end date of the hostile work environment claim.

---

[4] The same is true for the February 2021 events referenced in Plaintiff's Response (ECF No. 39, PageID #: 366), in the event that Plaintiff amends her Complaint to add these claims to the case.

## CONCLUSION

For the reasons discussed above, Defendant respectfully requests that his Partial Motion to Dismiss Plaintiff's Complaint be granted. Defendant respectfully requests thirty days after the Court rules on this motion to file its Answer to any claims remaining in Plaintiff's Complaint.

Respectfully submitted,

MARK H. WILDASIN
United States Attorney
Middle District of Tennessee

By: s/ Anica C. Jones
ANICA C. JONES, B.P.R. # 025325
Assistant United States Attorney
110 9th Avenue South, Suite A961
Nashville, TN 37203-3870
Telephone: (615) 736-5151
Email: anica.jones@usdoj.gov
*Attorney for Defendant*

OF COUNSEL:

Dana Heck, Esq.
Office of General Counsel
U.S. Department of Veterans Affairs
140 Fountain Parkway, Suite 520
St. Petersburg, Florida 33716

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following, if registered, by operation of the Court's electronic filing system. If not registered, notice was sent by United States mail, postage prepaid, to the following:

| Anne Hunter<br>Hunter Law Firm<br>101 Creekside Crossing, Suite 1700-307<br>Brentwood, TN  37027 | Jeffrey H. Jacobson<br>Jacobson Law Firm<br>570 N. Columbus Blvd., Suite B<br>Tucson, AZ  85711 |
|---|---|

s/ Anica C. Jones
ANICA C. JONES
Assistant United States Attorney